*686 Opinión disidente emitida por el
Juez Asociado Señor Re-bollo López.
Es norma trillada que los tribunales apelativos no debe-mos intervenir con la apreciación de la prueba que realizan los tribunales de instancia, en ausencia de pasión, prejuicio, parcialidad o error manifiesto. S.L.G. Rodríguez v. Nationwide, 156 D.RR. 614 (2002); Argüello v. Argüello, 155 D.P.R. 62 (2001). Ello, como es sabido, debido a que el juez de instancia está en mejor posición de aquilatar esa prueba porque tiene la oportunidad de observar a los tes-tigos, su manera de declarar, sus gestos, titubeos y contra-dicciones, lo que le permite, de ordinario, hacer una más acertada apreciación de credibilidad. Aun cuando el pre-sente caso no trata, necesariamente, sobre apreciación de credibilidad, en nuestra opinión este caso presenta una si-tuación similar a la determinación de credibilidad a la que hace referencia la jurisprudencia antes citada. Nos explicamos.
Aquí se trata de dos adultos que anteponen sus senti-mientos negativos, venganzas y rencillas personales al me-jor bienestar de su hijo menor de edad. Aparentemente no se pueden poner de acuerdo en cuanto a ningún aspecto de la vida de ese hijo —que es el tesoro más valioso que tienen en su vida— rayando sus actuaciones en la irracionalidad.
Ese juez de instancia es, precisamente, el que ha estado por largo tiempo lidiando con esas dos personas, tratando de resolver esa impermisible e incomprensible situación. Dicho de otra forma, ese magistrado es el miembro de la Judicatura puertorriqueña que está en mejor posición de saber cuál es el mejor bienestar de ese menor, víctima ino-cente de esa situación de terquedad.
No sabemos, a ciencia cierta, si la decisión que tomó el juez de instancia es la más correcta. Lo que sí sabemos es que está en mejor posición que cualquiera de los integrantes *687 de este Tribunal para formar juicio al respecto. Dicho de otra manera, las intervenciones y el contacto que, personal y directamente este magistrado de instancia ha tenido con las partes le han permitido ir formando gradualmente una opinión sobre cuál es el curso de acción más beneficioso para el menor.
Es correcto que dicho magistrado no expresó las pala-bras mágicas de que entendía que su determinación orde-nando que el menor fuera a determinada escuela y que la custodia fuera compartida(1) era en “beneficio de los mejo-res intereses del menor”. A nosotros nos resulta obvio, sin embargo, que esa fue su razón de decidir. Por lo menos, no se nos ha demostrado que dicha decisión esté permeada de pasión, prejuicio o error manifiesto de su parte, lo cual de-bería ser suficiente para que este Tribunal se abstenga de sustituir su criterio por el de dicho magistrado.
Ello no obstante, hoy y desde este lejano estrado apela-tivo, la mayoría de los integrantes del Tribunal, aplicando de forma automática unas decisiones de este Tribunal, en-tienden y resuelven que la informada y experimentada de-cisión del juez de instancia debe ser revocada, pasando por alto y descartando su “expertise” en esta materia y en este caso en particular.
Ante la arbitraria actuación de la Mayoría no podemos hacer otra cosa que dejar constancia de nuestra inconfor-midad con esta decisión.

 Sobre cuándo procede decretar que la patria potestad y custodia sea compartida por ambos padres divorciados, véase Torres, Ex parte, 118 D.P.R. 469 (1987).